SUCCESSION OF ARTHUR YARBOROUGH—Opposition of R. W. ARNETT et al.

Under the Act of March, 1852, entitled "An Act to provide a homestead for the widow and children of a deceased person," the widow, when there are no surviving children or other descendants of the deceased, takes the bounty provided by said Act in full property ; but where there are children or other descendants, she has merely a usufructuary right to it.

APPEAL from the District Court of the parish of Bossier, *Egan*, J.
   *Landrum & Williamson*, for plaintiff and appellant.   *S. Wills*, for defendant.

SPOFFORD, J.   *Arthur Yarborough* died in 1857 without ascendants or descendants, leaving a widow in necessitous circumstances, not possessing in her own right property to the amount of $1000.

She claims the sum of $575 from the succession of her deceased husband by virtue of the Act of March 17th, 1852, p. 171, entitled "An Act to provide a homestead for the widow and children of deceased persons." This sum was awarded her by the District Judge, as it was admitted that she had in her own right property of the value of $425. The attorney for absent heirs has appealed.

It is contended that the widow could only claim this sum in usufruct, and that even the usufruct was forfeited by her second marriage, which took place before her claim was interposed.

The statute upon the construction of which this case turns is carelessly and obscurely framed.   The first section is in the alternative, and declares that " whenever the widow *or* minor children of a deceased person shall be left in necessitous circumstances and not possessed in their own right of property to the amount of one thousand dollars, the widow, *or* the legal representatives of the children, shall be entitled to demand and receive from the the succession of their deceased father or husband a sum which, added to the amount of property owned by them or either of them, in their own right, will make up the sum of one thousand dollars, and which said amount shall be paid, in preference to all other debts, except those for the vendor's privilege, and expenses incurred in selling the property."

If this section had stood alone, the inference would be that the indigent widow would take the bounty in full property ; and if there were no necessitous widow, but necessitous children of the deceased person, then such children would take the bounty in full property, and, in either case, the right of the claimants would vest instantly upon the death of the husband or father.

But the second section modifies the right of the necessitous widow in this wise : " that the surviving widow shall have and enjoy the usufruct of the money so received from her deceased husband's succession, during her widowhood, *afterwards to vest in, and belong to, the children or other descendants of said deceased*."

No provision is made for the naked property when there is a needy widow surviving, save in the case where the deceased leaves children or other descendants. We, therefore, infer, that the absolute right given to the widow by the terms of the first section of the law is modified into a usufructuary right only in cases where children or other descendants survive the deceased.   If he dies without leaving any descendants, the necessitous widow takes the bounty in full property, and not in usufruct merely.

Such is the construction we have given to this law in a recent case at New Orleans.

Judgment affirmed.